RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

M. BLAIR JAMES
RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-6483 (JAMES)
202-514-6056 (VALDMAN)
202-307-0054 (f)
M.Blair.James@usdoj.gov
Rika.Valdman@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:20-cv-1031 |
| v. | |
| MORSE E. STEWART, individually, as Co-Trustee of Castle Keep Trust, and Co-Trustee of AJM Management; JEANINE C. STEWART, individually, as Co-Trustee of Castle Keep Trust, and Co-Trustee of AJM Management; BANK OF NY MELLON; U.S. BANK NATIONAL ASSOCIATION; GOD'S WILL BE DONE; BRIAN FERGUSSON; COLUMBIA COLLECTION SERVICE, INC.; CLACKAMAS COUNTY, OR. | **UNITED STATES' COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS** |
| Defendants. | |

The United States of America (the "United States"), by and through its undersigned

counsels, hereby alleges as follows:

COMPLAINT                              1
Case No. 3:20-cv-1031

## INTRODUCTION

1.     This is a civil action brought by the United States to (1) reduce to judgment the outstanding Federal income tax assessments against Defendant Morse E. Stewart, (2) determine that Defendant Morse E. Stewart is the true owner of and holds the title to the Subject Property of this action (defined below), and (3) foreclose federal tax liens on the Subject Property.

## JURISDICTION AND VENUE

2.     This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and at the request, and with the authorization of, the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of Treasury of the United States.

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1340 and 1345, and 26 U.S.C §§ 7402 and 7403.

4.     Venue is proper in the District of Oregon in accordance with 28 U.S.C. §§ 1391(b) and 1396 because Defendant Morse E. Stewart resides in this judicial district, and because the Subject Property is located within this judicial district.

5.     Because the Subject Property is located in Clackamas County, this action should be assigned to the Court in Portland, pursuant to LR 3-2(a).

## DEFENDANTS

6.     Defendant Morse E. Stewart, in his individual capacity, in his capacity as trustee of Castle Keep Trust, and as trustee of AJM Management, is made a party to this action because he resides within this judicial district, because he has unpaid Federal income tax liabilities, and

because the United States has tax liens against his property and rights to property, including but not limited to his interest in the Subject Property.

7.      Defendant Jeanine C. Stewart, in her individual capacity, in her capacity as trustee of Castle Keep Trust, and as trustee of AJM Management, is made a party to this action because she may claim an interest in the Subject Property pursuant to 26 U.S.C. 7403(b).

8.      Upon information and belief, Castle Keep Trust and AJM Management are fictitious trusts, and are the nominees or alter-egos of Defendants Morse E. Stewart and Jeanine C. Stewart.

9.      Upon information and belief, Defendant Morse E. Stewart and Jeanine C. Stewart were married until 2015 when they divorced. Defendants Morse E. Stewart and Jeanine C. Stewart reside together on the Subject Property.

10.     Defendant Bank of NY Mellon is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

11.     Defendant U.S. Bank National Association is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

12.     Defendant God's Will Be Done is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property. Upon information and belief, God's Will Be Done is an inactive religious nonprofit entity that was registered in Oregon in December 2005 and of which Defendant Morse E. Stewart was president, Defendant Jeanine C. Stewart was the secretary, and the registered principal place of business was Defendants Morse E. Stewart and Jeanine C. Stewart's former primary residence, 57985 Timber Road, Vernonia, OR. God's Will Be Done was administratively dissolved in February 2010. *See* Or. St. § 60.637(2)(e).

13.     Defendant Brian Fergusson is made a party to this action pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the Subject Property.

14.     Defendant Columbia Collection Service, Inc. is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

15.     Defendant Clackamas County, OR is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## FACTUAL BACKGROUND

### A.  INCOME TAX ASSESSMENTS AGAINST MORSE E. STEWART

16.     For taxable years 1998 through 2006, Defendant Morse E. Stewart failed to file federal income tax returns and timely pay his federal income tax liabilities.

17.     As a result of his failure to file federal income tax returns for the taxable years 1998 through 2006, the IRS computed Defendant Morse E. Stewart's liabilities in accordance with 26 U.S.C. § 6020.

18.     On November 29, 2007, Defendant Morse E. Stewart petitioned the United States Tax Court for redetermination of deficiencies relating to his 1998 through 2003 federal income tax liabilities. *See Stewart v. Commissioner*, No. 027558-07 (T.C. Nov. 29, 2007). On March 30, 2009, the United States Tax Court issued an order of dismissal for failure to properly prosecute after Defendant Morse E. Stewart failed to appear and entered a decision ordering the following deficiencies in income tax and penalties were due from Defendant Morse E. Stewart:

|  |  |  | ADDITIONS TO TAX | | |
| Year | Deficiency | I.R.C. sec. 6651 (a)(1) | I.R.C. sec. 6651(a)(2) | I.R.C. sec. 6654(a) |
| --- | --- | --- | --- | --- |
| 1998 | $153,608 | $33,616.80 | $37,352.00 | $6,706.88 |
| 1999 | 128,054 | 28,812.15 | 32,013.50 | 6,197.26 |
| 2000 | 120,761 | 27,171.23 | 30,190.25 | 6,450.42 |
| 2001 | 107,789 | 24,252.53 | 26,947.25 | 4,307.64 |
| 2002 | 72,347 | 16,278.08 | 18,086.75 | 2,417.65 |
| 2003 | 127,810 | 28,757.25 | * | 3,344.81 |

* The amount of any addition to tax under sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

19.    The IRS assessed the outstanding income tax liabilities for the 1998 through 2003 on August 17, 2009. *See infra* para. 22.

20.    On July 28, 2008, Defendant Morse E. Stewart petitioned the United States Tax Court for redetermination of deficiencies relating to his 2004 through 2006 federal income tax liabilities. *See Stewart v. Commissioner*, No. 018397-08 (T.C. July 28, 2008). On January 27, 2009, Defendant Morse E. Stewart's petition relating to his 2004 through 2006 federal income tax liabilities was dismissed for lack of jurisdiction.

21.    The IRS assessed the outstanding income tax liabilities against Defendant Morse E. Stewart for the 2004, 2005, and 2006 tax periods on May 29, 2009. *See infra* para. 22.

i.    **Assessments**

22.    On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Morse E. Stewart for unpaid federal income taxes (Form 1040), penalties, including civil penalties for frivolous filings, interest, and other statutory additions in the amounts and for the periods indicated:

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 27, 2020* |
|---|---|---|---|---|
| 1998 | 8/17/2009 | Additional Tax Assessed By Examination | $153,608.00 | |
| | " | Failure to Pay Penalty | $37,352.00 | |
| | " | Failure to Pre-Pay Tax Penalty | $6,706.88 | |
| | " | Failure to File Penalty | $33,616.80 | |
| | " | Interest Charged for Late Payment | $177,150.82 | |
| | 10/28/2013 | Interest Charged for Late Payment | $60,324.93 | |
| | 10/27/2014 | Interest Charged for Late Payment | $12,517.27 | |
| | 11/13/2017 | Interest Charged for Late Payment | $44,944.41 | |
| | 11/11/2019 | Interest Charged for Late Payment | $42,327.54 | $437,503.44 |
| 1999 | 8/17/2009 | Additional Tax Assessed By Examination | $128,054.00 | |
| | " | Failure to Pay Tax Penalty | $32,013.50 | |
| | " | Failure to File Penalty | $28,812.15 | |
| | " | Failure to Pre-Pay Tax Penalty | $6,197.26 | |
| | " | Interest | $127,939.34 | |
| | 10/28/2013 | Interest | $50,272.84 | |
| | 10/27/2014 | Interest | $11,336.25 | |
| | 11/13/2017 | Interest | $43,690.25 | |
| | 11/11/2019 | Interest | $45,471.14 | $484,794.58 |

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 27, 2020* |
|---|---|---|---|---|
| 2000 | 8/17/2009 | Additional Tax Assessed | $120,761.00 | |
| | " | Late Filing Penalty | $27,171.23 | |
| | " | Failure to Pre-Pay Tax Penalty | $6,450.42 | |
| | " | Failure to Pay Tax Penalty | $30,190.25 | |
| | " | Interest | $97,682.68 | |
| | 10/28/2013 | Interest | $43,929.03 | |
| | 10/27/2014 | Interest | $9,905.76 | |
| | 11/13/2017 | Interest | $38,177.07 | |
| | 11/11/2019 | Interest | $39,733.25 | $423,619.48 |
| 2001 | 8/17/2009 | Additional Tax Assessed | $107,789.00 | |
| | " | Failure to File Penalty | $24,252.53 | |
| | " | Failure to Pre-Pay Tax Penalty | $4,307.64 | |
| | " | Failure to Pay Penalty | $26,947.25 | |
| | " | Interest | $72,532.17 | |
| | 10/28/2013 | Interest | $36,703.32 | |
| | 10/27/2014 | Interest | $8,276.41 | |
| | 11/13/2017 | Interest | $31,897.47 | |
| | 11/11/2019 | Interest | $33,197.69 | $353,940.12 |
| 2002 | 8/17/2009 | Additional Tax Assessed | $72,347.00 | |
| | " | Failure to File Penalty | $16,278.08 | |
| | " | Failure to Pre-Pay Tax Penalty | $2,417.65 | |
| | " | Failure to Pay Penalty | $18,086.75 | |
| | " | Interest | $41,059.83 | |
| | 10/28/2013 | Interest | $23,374.83 | |
| | 10/27/2014 | Interest | $5,270.89 | |
| | 11/13/2017 | Interest | $20,314.17 | |
| | 11/11/2019 | Interest | $21,142.22 | $225,409.62 |

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 27, 2020* |
|---|---|---|---|---|
| 2003 | 8/17/2009 | Additional Tax Assessed By Examination | $127,810.00 | |
| | " | Failure to File Penalty | $28,757.25 | |
| | " | Failure to Pre-Pay Tax Penalty | $3,344.81 | |
| | " | Interest | $62,436.97 | |
| | 10/28/2013 | Interest | $34,605.45 | |
| | 10/28/2013 | Failure to Pay Penalty | $31,952.50 | |
| | 10/27/2014 | Interest | $8,773.69 | |
| | 11/13/2017 | Interest | $33,814.05 | |
| | 11/11/2019 | Interest | $35,192.37 | $375,206.62 |
| 2004 | 5/29/2009 | Additional Tax Assessed By Examination | $48,517.00 | |
| | " | Failure to File Penalty | $10,916.33 | |
| | " | Failure to Pre-Pay Tax Penalty | $1,390.37 | |
| | " | Failure to Pay Penalty | $8,975.65 | |
| | " | Interest | $19,130.51 | |
| | 9/28/2009 | Fees and Collection Costs | $10.00 | |
| | 12/28/2009 | Fees and Collection Costs | $50.00 | |
| | 10/28/2013 | Interest | $14,752.69 | |
| | 10/27/2014 | Interest | $3,150.51 | |
| | 11/13/2017 | Interest | $12,142.16 | |
| | 6/17/2019 | Fees and Collection Costs | $140.00 | |
| | 11/11/2019 | Interest | $12,645.43 | |
| | " | Failure to Pay Penalty | $3,153.60 | $138,110.21 |

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of April 27, 2020* |
|---|---|---|---|---|
| 2005 | 5/29/2009 | Additional Tax Assessed By Examination | $62,042.00 | |
| | " | Failure to File Penalty | $13,959.45 | |
| | " | Failure to Pre-Pay Tax Penalty | $2,488.60 | |
| | " | Failure to Pay Penalty | $7,755.25 | |
| | " | Interest | $18,103.90 | |
| | 10/28/2013 | Interest | $17,245.08 | |
| | 10/27/2014 | Interest | $3,679.56 | |
| | 11/13/2017 | Interest | $14,181.11 | |
| | 11/11/2019 | Interest | $14,759.15 | |
| | " | Failure to Pay Penalty | $7,681.30 | $165,215.72 |
| 2006 | 5/29/2009 | Additional Tax Assessed By Examination | $129,691.00 | |
| | " | Failure to File Penalty | $29,180.48 | |
| | " | Failure to Pre-Pay Tax Penalty | $6,137.51 | |
| | " | Failure to Pay Tax Penalty | $8,429.92 | |
| | " | Interest | $23,099.17 | |
| | 10/28/2013 | Interest | $32,586.38 | |
| | 10/27/2014 | Interest | $6,958.18 | |
| | 11/13/2017 | Interest | $26,817.03 | |
| | 11/11/2019 | Interest | $27,910.13 | |
| | " | Interest | $23,992.82 | $322,116.66 |
| **TOTAL** | | | | **$2,925,916.45** |

## B.  THE STATUTE OF LIMITATIONS HAS NOT EXPIRED

23.    The ten-year statute of limitations for collection of the tax liabilities at issue has

not expired. *See* 26 U.S.C. § 6502(a)(1). Rather, the statute of limitations was tolled by two

bankruptcies.

24.    26 U.S.C. § 6503(b) suspends the period of limitations on collection after assessment for the period in which the assets of the taxpayer are in the control of custody of the court in any proceeding before any court of the United States and for six months thereafter.

25.    On February 12, 2010, Defendant Morse E. Stewart filed a chapter 13 bankruptcy petition in Oregon Bankruptcy Court ("Bankruptcy I"). *See* case Dkt. No. 3:2010bk31028 (Bankr. D. Or. 2010). On March 11, 2020, the case was dismissed and closed without a discharge. As a result of Bankruptcy I, the statute of limitations for collection of the assessments against Defendant Morse E. Stewart was tolled by at least 27 days and six months pursuant to 26 U.S.C. § 6503(b).

26.    On March 9, 2015, Defendant Morse E. Stewart filed a petition for bankruptcy in Oregon Bankruptcy Court ("Bankruptcy II"). *See* case Dkt. No. 3:2015bk31136 (Bankr. D. Or. 2015). On April 1, 2015, the case was dismissed and closed without a discharge. As a result of Bankruptcy II, the statute of limitations for collection of the assessments against Defendant Morse E. Stewart was tolled by at least 23 days and six months pursuant to 26 U.S.C. § 6503(b).

27.    Together with the time tolled from Bankruptcy I and Bankruptcy II, the collection period of limitations for the outstanding tax liabilities against Defendant Morse E. Stewart for the 1998 through 2006 federal tax years is tolled by 50 days plus 12 months, resulting in expiration dates for the subject tax years as follows:

    a.  1998 through 2003: September 30, 2020 and

    b.  2004 through 2006: July 12, 2020.

### C.  SUBJECT PROPERTY

28.    The real property sought to be foreclosed in this action is commonly referred to as 3040 SE Persons CT, Milwaukie, OR 97267, Parcel No. 00288771 ("Subject Property"), and legally described as:

> Lot 5, Persons Addition, Together with an Undivided One-Eighth Interest in
>
> Tract "A", In the County of Clackamas and State of Oregon.

29.    On or about September 8, 1992, Merle Barton and Norma Jane Stewart, Defendant Morse Stewart's brother and sister-in-law, released and quitclaimed the Subject Property to themselves, as husband and wife, and Defendant Morse E. Stewart. Merle and Norma Jane Stewart (together) received an undivided one half interest and Defendant Morse E. Stewart received an undivided one half interest as tenants in common in the Subject Property, through an inter family transfer. The Quitclaim Deed was recorded with Clackamas County on September 9, 1992.

30.    On or about October 21, 1997, Merle Barton and Norma Jane Stewart conveyed their remaining interest in the Subject Property to Defendant Morse E. Stewart through a Bargain and Sale Deed. The Bargain and Sale Deed was recorded with Clackamas County on October 27, 1997.

31.    On or about November 12, 1998, Morse E. Stewart, as the 100% owner of the Subject Property, conveyed to himself a 50% interest and transferred the remaining 50% interest to Merle. B. and Norma J. Stewart, his brother and sister-in-law, as tenants by the entirety through a Statutory Bargain and Sale Deed. There was no consideration as the instrument was being recorded as "an inter family transfer". The Bargain and Sale Deed was recorded with Clackamas County on November 13, 1998.

32.     On or around August 23, 1999, Morse E. Stewart conveyed his undivided 50%
interest in the Subject Property through a Bargain and Sale Deed to "AJM Management, dated
April 15, 1999, by Morse E. Stewart and Jeanine C Stewart, trustees". The Bargain and Sale
Deed was recorded with Clackamas County on August 25, 1999. AJM Management's business
address was the same as Morse E. and Jeanine C. Stewart's former address in Veronia, OR.

33.     On or about October 28, 2002, Merle B. and Norma J. Stewart transferred the
50% interest in the Subject Property which they had obtained from Morse E. Stewart in 1998 to
AJM Management through a Statutory Warranty Deed for purportedly $895,000 consideration.
The Statutory Warranty Deed was recorded with Clackamas County on or around November 5,
2002. On information and belief, Defendant Morse E. Stewart continued to be a trustee, and in
control, of AJM Management at the time of this transfer, and at all relevant times after the
transfer.

34.     Between 2002 and 2008, Morse E. Stewart purported to transfer the Subject
Property into and out of AJM Management and Castle Keep Trust for little or no consideration.
These transfers eventually culminated in the transfer of the Subject Property to Morse E. Stewart
as detailed in paragraphs 35-38, *infra*.

35.     On or about October 17, 2008, AJM Management, by Morse E. Stewart and
Jeanine C. Stewart as trustees, conveyed the entire Subject Property to Morse E. Stewart for
$1.00 in consideration through a Statutory Bargain and Sale Deed. The Bargain and Sale Deed
was recorded with Clackamas County on October 24, 2008.

36.     On or about May 1, and again on June 10, 2009, "Morse Edward Stewart"
conveyed the Subject Property to Defendants Morse E. Stewart and Jeanine C. Stewart, as

husband and wife as tenants by the entirety, through Quitclaim Deed. The Quitclaim Deed was recorded with Clackamas County on May 4 and June 10, 2009.

37.     Pursuant to the stipulated general judgment of the dissolution of marriage entered and effective on November 13, 2015, Defendant Morse E. Stewart received a distribution of the entirety of the Subject Property. *See* Dkt. No. 15090742, pg. 2 (Cir. Ct. Clackamas Cty.). There was no recording with Clackamas County reflecting this transfer,

38.     Although the Subject Property has been titled in the names of AJM Management and Castle Keep Trust, the Subject Property has remained within Morse E. Stewart's possession and control. Defendants Morse E. Stewart and Jeanine C. Stewart were trustees of AJM Management and Castle Keep Trust and the primary address of the fictitious trusts was their former home address in Veronia, Oregon.

39.     Despite the transfers of the Subject Property, Defendant Morse E. Stewart has continuously remained the owner of the Subject Property, exercised dominion and control over, and had use and enjoyment over the Subject Property.

## COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT

40.     The United States incorporates by reference paragraphs 1 through 39 above, as if fully set forth here.

41.     In accordance with 26 U.S.C. § 6303, timely and proper notice and demand for payment of the assessments described in paragraph 22 above, was provided to and made upon Defendant Morse E. Stewart.

42.     Despite timely notice and demand for payment of the tax assessments described in paragraph 22 above, Defendant Morse E. Stewart has neglected, refused or failed to make full payment of the assessed amounts to the United States.

43.     Based on accrued interest and other statutory additions as provided by law, as of April 27, 2020, there is due and owing from Defendant Morse E. Stewart on the assessments described in paragraph 22 above, the sum of $2,925,916.45. Additional unassessed interest and other statutory additions as provided by law continue to accrue on these balances.

44.     The United States is entitled to judgment against Defendant Morse E. Stewart in the total sum of $2,925,916.45, as of April 27, 2020, plus interest and penalties accruing thereafter to the date of payment.

## COUNT TWO: OWNERSHIP AND TITLE
## TO THE SUBJECT PROPERTY

45.     The United States incorporates by reference paragraphs 1 through 44 above, as if fully set forth here.

46.     As described in Paragraph 29 above, on or around September 1992, Defendant Morse E. Stewart received an undivided one half interest as tenants in common in the Subject Property from Merle Barton and Norma Jane Stewart through an inter family transfer as a result of a Quitclaim Deed.

47.     As described in Paragraph 30, on or around October 1997, Morse E. Stewart acquired a 100% interest in the Subject Property through a Statutory Bargain and Sale Deed.

48.     As discussed in Paragraph 32 through 35, the Subject Property was titled in the names of taxpayer's nominees and/or alter egos, AJM Management and Castle Keep Trust. Defendants Morse E. Stewart and Defendant Jeanine C. Stewart are the beneficiaries and co-trustees of the AJM Management and Castle Keep Trust, both of which shared a primary address with Defendants Morse E. Stewart and Jeanine C. Stewart.

49.     Because Defendants Morse E. Stewart and Jeanine C. Stewart are the beneficiaries and co-trustees of the AJM Management and Castle Keep Trust, they always had

control over the trusts and the property held by the Trusts, including the Subject Property when it was nominally titled to the Trusts.

50.     Notwithstanding the previous transfers of the Subject Property, Defendant Morse E. Stewart is the current owner of the Subject Property, as evidenced by stipulated general judgment of the dissolution of marriage. *See* Stip. Gen. Judgment, No. 15090742 (Clackamas Cty Ct. Nov. 13, 2015).

51.     Following the divorce of Defendant Morse E. Stewart and Defendant Jeanine C. Stewart, Defendants Morse E. Stewart acquired full beneficial ownership of the Subject Property, enjoys full beneficial ownership of, and exercises dominion and control over, the Subject Property.

52.     Legal and equitable title to the Subject Property rests with the true owner, Defendant Morse E. Stewart.

## COUNT THREE: FORECLOSE FEDERAL TAX LIENS

53.     The United States incorporates and re-alleges as if fully stated herein each of the allegations in Paragraphs 1 through 52 above.

54.     Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities have arisen against and attached to all property and rights to property of Defendant Morse E. Stewart as of the dates of the assessments described in paragraph 22 above. In addition, said liens immediately attached to all after-acquired property or rights to property.

55.     In accordance with 26 U.S.C. § 6323(f), a Notice of Federal Tax Lien, no. 2009-084043, was recorded against Defendant Morse E. Stewart on December 7, 2009, with the County Clerk in Clackamas Courthouse in Oregon City, Oregon for the 1998 through 2006

federal income tax liabilities. On September 24, 2018, a Notice of Federal Tax Lien Refile was recorded for these same tax periods.

56.    The United States seeks to foreclose the federal tax liens described above through sale of the Subject Property.

57.    The tax liens arising from the assessments described in Paragraph 22 above have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

58.    Under 26 U.S.C. § 7403(c), the United States is entitled to enforce its federal tax liens against the Subject Property, which should be sold free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Defendant Morse E. Stewart in accordance with the law.

WHEREFORE, the United States prays as follows:

A.    That this Court determine and adjudge that Defendant Morse E. Stewart is indebted to the United States for unpaid federal income tax liabilities for the 1998 through 2006 tax years in the sum of $2,925,916.45, plus statutory interest and other additions running from April 27, 2020, as provided by law, or in such amount as the Court determines, and that the United States recover judgment therefore;

B.    That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property of Defendant Morse E. Stewart, including, but not limited to, his interest in the Subject Property;

C.    That the federal tax liens against Defendant Morse E. Stewart encumbering the Subject Property be foreclosed;

D.      That this Court determine the merits and priority of any claims or interests of the other named defendants in the Subject Property and their respective priorities to a distribution of proceeds from a sale of the Subject Property;

E.      That the Subject Property be sold with proceeds applied to the delinquent federal income tax liabilities of Defendant Morse E. Stewart; and

F.   That the United States be awarded its costs and other such relief as is just and proper.

Respectfully submitted this 26th day of June, 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ M. Blair James*
M. BLAIR JAMES
RIKA VALDMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-6483 (JAMES)
202-514-6056 (VALDMAN)
202-307-0054 (f)
M.Blair.James@usdoj.gov
Rika.Valdman@usdoj.gov

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Morse E. Stewart, et al.
See attachment for additional defendants

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Clackamas County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
M. Blair James and Rika Valdman, Trial Attorney,
U.S. Department of Justice - Tax, P.O. Box 683,
Washington, D.C. 20044 (202) 307-6483

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1    U.S. Government
Plaintiff

☐ 3    Federal Question
*(U.S. Government Not a Party)*

☐ 2    U.S. Government
Defendant

☐ 4    Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §§ 1340 and 1345, and 26 U.S.C §§ 7402 and 7403
Brief description of cause:
Complaint to reduce tax assessments to judgment and foreclose on subject property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
2,925,916.45

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE                                                        DOCKET NUMBER

DATE
06/26/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ M. Blair James

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

Attachment 1


UNITED STATES OF AMERICA,

      Plaintiff,

      v.

MORSE E. STEWART, individually, as Co-Trustee of Castle Keep Trust, and as Co-Trustee of AJM Management; JEANINE C. STEWART, individually,as Co-Trustee of Castle Keep Trust, and as Co-Trustee of AJM Management; BANK OF NY MELLON;
U.S. BANK NATIONAL ASSOCIATION; GOD'S WILL BE DONE; BRIAN FERGUSSON; COLUMBIA COLLECTION SERVICE, INC.; CLACKAMAS COUNTY, OR.
      Defendants.
_____


Case No. 3:20-cv-1031
UNITED STATES' COMPLAINT
TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| MORSE E. STEWART, individually, as trustee of Castle Keep Trust, and as trustee of AJM Management Trust; et al | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:20-cv-1031

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Morse E. Stewart
3040 SE Persons CT
Milwaukie, OR 97267-4625

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| MORSE E. STEWART, individually, as trustee of Castle Keep Trust, and as trustee of AJM Management Trust; et al | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:20-cv-1031

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Jeanine C. Stewart
3040 SE Persons CT
Milwaukie, OR 97267-4625

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| MORSE E. STEWART, individually, as trustee of | ) |
| Castle Keep Trust, and as trustee of AJM | ) |
| Management Trust; et al | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.   3:20-cv-1031

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Bank of New York Mellon
Legal Department
385 Rifle Camp Rd.
Woodlawn Park, NJ 07424

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:20-cv-1031

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| MORSE E. STEWART, individually, as trustee of Castle Keep Trust, and as trustee of AJM Management Trust; et al | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.   3:20-cv-1031

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  U.S. Bank National Association
800 Nicollet Mall, Legal Department, Subpoena Processing
21st Floor
Minneapolis, MN  55402

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:20-cv-1031

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  3:20-cv-1031 |
| | ) | |
| MORSE E. STEWART, individually, as trustee of | ) | |
| Castle Keep Trust, and as trustee of AJM | ) | |
| Management Trust; et al | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  God's Will Be Done
c/o Secretary of State
Corporation Division - Process Service
255 Capitol Street NE, Suite 151
Salem, OR 97310-1327

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:20-cv-1031

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____                       _____
                                                      *Server's signature*

                                            _____
                                                    *Printed name and title*


                                            _____
                                                       *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| MORSE E. STEWART, individually, as trustee of Castle Keep Trust, and as trustee of AJM Management Trust; et al | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:20-cv-1031

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Brian Fergusson
854 W. Sepulveda St
San Pedro, CA 90731-1944

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  3:20-cv-1031 |
| MORSE E. STEWART, individually, as trustee of Castle Keep Trust, and as trustee of AJM Management Trust; et al | ) ) ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Columbia Collection Service, Inc.
10888 SE Main Street, Suite 200
Milwaukie, OR 97222

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:20-cv-1031

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  3:20-cv-1031 |
| MORSE E. STEWART, individually, as trustee of Castle Keep Trust, and as trustee of AJM Management Trust; et al | ) ) ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Clackamas County, OR
1710 Red Soils Ct., Suite 100
Oregon City, OR 97045


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   M. Blair James
Trial Attorney,
U.S. Department of Justice - Tax
P.O. Box 683, Washington, D.C. 20044
(202) 307-6483
m.blair.james@usdoj.gov

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:20-cv-1031

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: